403 So.2d 1230 (1981)
STATE of Louisiana
v.
Glenn C. LEMOINE.
No. 81-K-0889.
Supreme Court of Louisiana.
September 8, 1981.
*1231 Jim W. Wiley, Winnfield, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Joseph P. Beck II, Dist. Atty., George N. Wampler, Asst. Dist. Atty., for plaintiff-respondent.
STOKER, Justice Ad Hoc.[*]
The defendant, Glenn Lemoine, was charged with reckless operation of a vehicle, in violation of LSA-R.S. 14:99.[1] On February 18, 1981, the defendant was found guilty of that offense after a bench trial. The defendant was sentenced to 90 days in the parish prison and fined $200. On April 7, 1981, this court granted defendant's application for writs of certiorari, prohibition, mandamus, supervisory and review and for a stay order and ordered defendant released on bail pending review of these writs, 397 So.2d 1368.
The following facts were adduced at trial. On October 27, 1980, at approximately 1:00 PM, a red Chevrolet pick-up truck with "mag" wheels and a loud muffler, allegedly owned and driven by the defendant, traveled through the city limits of Colfax on Highway 158 at a "high rate of speed." People were setting up tents for the Pecan Festival and it was raining.
Officer Swafford, a Deputy Marshal for the Town of Colfax, observed the subject vehicle from a sidewalk in front of a True Value store. It is unclear how far away Officer Swafford was from the vehicle. He stated that the distance was the length of the court room and beyond, possibly to the other side of the street on which the court house was located. There were no pedestrians *1232 or vehicles on the highway when the subject vehicle traveled through the city at what Officer Swafford called "a high rate of speed." The posted speed limit was not established. When Officer Swafford was asked what the posted speed limit was, he replied, "I think 25 miles per hour." Although there is no estimation in the record as to how fast this vehicle was traveling, Officer Swafford was of the opinion that the truck was traveling in excess of 25 miles per hour.
Officer Swafford was apparently on foot and the defendant was not apprehended at that time. Officer Swafford obtained an arrest warrant for the defendant. He stated he knew the defendant personally and was positive that the defendant was driving the vehicle. The arrest warrant was executed by Deputy Briggs a few days later.

ASSIGNMENT OF ERROR NO. 1
Defendant chose not to brief assignment of error number one. Therefore, it is considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

ASSIGNMENT OF ERROR NO. 2
The defense argues that Officer Swafford's qualifications to give an estimation of speed were not established in the trial court.
When the prosecutor first asked Swafford to estimate defendant's speed on the day in question, counsel objected that the State had not laid a proper foundation for the officer's opinion. In response to the prosecutor's questions, the officer testified that he had been employed as a deputy marshal for approximately eight years, and had issued other tickets for reckless and careless operation of a vehicle, not all of them based solely on radar unit indications. Over counsel's objection, the prosecutor then obtained Swafford's opinion that defendant had traveled at a high rate of speed in excess of the posted limit. Although asked by the prosecutor, Swafford never estimated defendant's speed in miles per hour.
Defense counsel argues that the State's foundation was not sufficient to qualify the officer as an expert by virtue of special training and expertise under LSA-R.S. 15:464. He therefore concludes that the officer's opinion testimony should have been excluded.
The State's foundation established at the least that Swafford had served as a police officer for eight years and had dealt with traffic violations in the past. In State v. Stewart, 357 So.2d 1111 (La.1978), this court upheld the testimony of an officer concerning the rate of speed of a vehicle. It is not necessary that a witness giving testimony as to the speed of an automobile be qualified as an expert. In Stewart this court held that a police officer with fifteen months experience could infer on the basis of personal observations whether the defendant's vehicle was proceeding at a lawful rate of speed. We would not characterize the foundation laid by the State as a model. Perhaps it was barely sufficient. Nevertheless, we do not consider that the meager foundation laid was so inadequate that permitting Deputy Swafford to express his opinion was error.
Counsel concedes that Stewart appears to allow testimony from experienced police officers with regard to the speed of moving vehicles. He argues, however, that a factor in the present case distinguishing it from Stewart is that Swafford's vantage point was from a sidewalk at an uncertain distance from the moving vehicle instead of directly behind it. The distinction urged appears to go only to the weight accorded the officer's opinion, not to its admissibility under Stewart.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
The defense argues that the trial court erred in convicting the defendant of reckless operation of a vehicle based solely upon evidence of speeding and particularly in the absence of any clear evidence of the actual speed involved.
*1233 Reckless operation of a vehicle is defined by LSA-R.S. 14:99 and 14:12.[2] These two provisions of our Criminal Code were construed in State ex rel Palermo v. Hawsey, 377 So.2d 338 (La.1979), where this court said:
"R.S. 14:99 provides that reckless operation `... is the operation of any ... vehicle ... in a criminally negligent or reckless manner,' and R.S. 14:12 defines criminal negligence as conduct `amount[ing] to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.' Criminal negligence is thus an essential element of the offense under R.S. 14:99, City of Shreveport v. Baylock, 236 La. 133, 107 So.2d 419 (1958)...".
The principal issue in this case is whether the state proved beyond a reasonable doubt that defendant was criminally negligent in driving his vehicle at a high rate of speed under the circumstances.
A convicted defendant's attack upon the sufficiency of the State's evidence to prove his guilt is presently judged by determining whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Morgan, 389 So.2d 364 (La.1980); State v. Landry, 381 So.2d 462 (La.1980).
It was raining and the area itself was crowded with people setting up tents for the Pecan Festival. However, there were neither pedestrians nor vehicles on the highway itself while the defendant traveled it. Several persons lined the side of the road as they put up the festival tents. The defendant was heading out of town on a clear highway. There is no indication exactly how fast the subject's vehicle was moving, although if Swafford's opinion were believed, the car was traveling in excess of 25 miles per hour.
In State ex rel. Palermo v. Hawsey, supra, this court reversed a reckless operation of a vehicle conviction where the defendant was spinning his wheels while accelerating out of a parking lot. This court made the following comment in reversing the conviction:
"But we find no evidence in the record that defendant was speeding, weaving in his lane, crossing the center line, or giving any other indication he was operating his vehicle recklessly or in violation of any other traffic provision."
Defendant suggests that this language is significant in urging that he was not guilty of careless and reckless driving. The description of conduct listed in the comment should not be taken as an exclusive listing of the modes by which one may violate LSA-R.S. 14:99. Certainly speed under certain circumstances might constitute careless and reckless driving. Speed alone, however, should not necessarily be determinative. No doubt circumstances may exist in which one would be careless and reckless to drive within the posted speed limit.
The trial judge commented in explanation of why he found defendant guilty. He indicated he thought circumstances existed which made it a violation of LSA-R.S. 14:99 for defendant to drive at an "excessive rate of speed." The pertinent portion of his comment is as follows:
"BY THE COURT: * * * This individual was charged with reckless driving on October 27, 1980, during the Pecan Festival. There were tents being placed over next to the railroad track. Of course, the testimony of Mr. Swafford stated that there were people over there. They were putting up tents and during the Pecan Festival is a very crowded time. People *1234 in town that's ... it's really too big of a crowd here. With the fact that he was driving in an excessive rate of speed on that day where people were around putting up tents and moving back and forth either during the Pecan Festival or preparing for it would ... the State certainly made out a case of reckless driving."
The question, it seems to us, is whether the testimony in the record establishes the existence of circumstances of such a nature that traveling at any speed in excess of 25 miles per hour would constitute criminal negligence. The essential question is whether the record reveals evidence from which the trial court could make a finding of violation of LSA-R.S. 14:99 under the test of Jackson v. Virginia, supra; State v. Morgan, supra; and State v. Landry, supra.
We have reviewed the record and do not feel that it discloses the combination of circumstances necessary to show that the defendant by driving at an unspecified speed, thought to be in excess of the posted speed limit, committed a criminally negligent act. Officer Swafford could not estimate defendant's speed. He could only state that he thought the posted speed limit was 25 miles per hour and that the defendant was exceeding that speed. Officer Swafford testified that there were neither persons nor vehicles in the street and that defendant did not almost run over anybody or any vehicles because the highway was clear. He further testified that people were setting up tents along the roadside in preparation of the Pecan Festival. This testimony is insufficient to establish that defendant's conduct amounted to a gross deviation of the standard of care imposed by LSA-R.S. 14:12.

DECREE
IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the writs of certiorari, prohibition, mandamus, supervisory and review herein be made peremptory and that there be judgment in favor of relator's Glenn G. Lemoine, reversing defendant's conviction and sentence and dismissing the charge against him.
REVERSED.
WATSON, J., dissents.
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker, and P. J. Laborde, of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, and Jack C. Watson.
[1] LSA-R.S. 14:99 reads as follows:

"Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner.
"Whoever commits the crime of reckless operation of a vehicle shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both.
"On a second or subsequent conviction the offender shall be fined not less than twenty-five nor more than five hundred dollars, or imprisoned for not less than ten days nor more than six months, or both."
[2] Criminal negligence is defined by the Criminal Code in LSA-R.S. 14:12 as follows:

"Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."