464 So.2d 910 (1985)
STATE of Louisiana
v.
Sidney J. LEGNON.
Nos. KA-2387, KA-2388.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*911 William A. Roe, Belle Chasse, for defendant-appellant, Sidney J. Legnon.
William J. Guste, Jr., Atty. Gen., New Orleans, Leander H. Perez, Jr., Dist. Atty., 25th Judicial District Court, Parish of Plaquemines, Pointe-a-la-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, The State of La.
Before GULOTTA, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Sidney J. Legnon was charged with the misdemeanor offenses of driving while intoxicated and reckless operation of a motor vehicle. R.S. 14:98, 99. *912 After a bench trial on these consolidated charges he was found guilty of both offenses. He was fined $50 on the charge of reckless operation of a motor vehicle. On the charge of driving while intoxicated, the defendant was sentenced to ten days in parish prison, the sentence was suspended and the defendant placed on six months inactive probation, ordered to pay $100 to the Indigent Defender Board, participate in a substance abuse and a driver improvement program and to perform four eight hour days of community service work. He was also fined $300. Defendant appeals his conviction and sentence, relying upon three assignments of error. We affirm.
On September 10, 1983, at approximately midnight, Plaquemines Parish Deputy Sheriff Michael Scullin was in the vicinity of 109 Apricot Street where he was checking the speed of passing motorists on his radar. He clocked the defendant's vehicle proceeding southbound at 74 miles per hour in a 45 mile per hour zone. Officer Scullin caught up with the defendant's vehicle after defendant pulled over into a driveway. The officer asked the defendant to step out of his car and he complied. The officer then noticed the strong odor of alcohol on the defendant's breath. Officer Scullin administered a field sobriety test to Legnon and the defendant did not pass the test, in that he could not touch his nose with his index finger and he had great difficulty in retrieving a set of keys from the ground. Additionally, according to the police officer, the defendant was swaying and his speech was slurred. The defendant responded in the negative when asked if he were ill, injured or taking medication. After failing to successfully complete the field sobriety test, the defendant was advised of his rights and placed under arrest for reckless operation of a motor vehicle and driving while intoxicated. He at first agreed to take a photoelectric intoximeter test (P.E.I.), however, upon arriving at the police lockup, the defendant refused the test. He was then advised of the consequences of his refusal and of his constitutional rights.

Assignments of Error Nos. 1 and 2
By these assignments of error, the defendant contends that there was insufficient evidence to convict him of driving while intoxicated and reckless operation of a motor vehicle. R.S. 14:98, 99.
In reviewing the sufficiency of the evidence in support of a conviction the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La., 1984).
In this case the defendant was charged with operating a vehicle while intoxicated. R.S. 14:98. The offense is defined as:
R.S. 14 Sec. 98. Operating a vehicle while intoxicated
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of narcotic drugs, central nervous system stimulants, hallucinogenic drugs, or barbiturates.

* * * * * *
In this case Officer Scullin testified, as follows, regarding the defendant's condition at the time of this incident:
... And he walked back to me and I smelled alcoholic beverage on his breath, a strong odor of alcoholic beverage on his breath. And I asked him if he would take a field sobriety test and he said he would and he didn't pass it.
Q. Officer, at that time, did you give him a ticket for a speeding violation also?

*913 A. No, sir. That was also incorporated with the reckless operation. I asked him to touch his nose with his right and left index finger and he missed. His balance was off. He couldn't stand up straight. And I asked him to pick some item off the ground and he did not do very well at that.
Q. The smell of the alcohol, was that extremely obvious or was this slight or
A. Extreme. [Tr. 5]

* * * * * *
In addition to this testimony, evidence was presented that the defendant refused to take a toximeter test. R.S. 32:666.
The defendant contends that this evidence was subjective and inconclusive. We disagree. Officer Michael Scullin was a policeman trained to administer field sobriety tests and to evaluate intoxication cases. His testimony comprised the sole evidence in this case. He administered a two step sobriety test sufficient to determine whether the defendant manifested the objective signs of intoxication. These facts coupled with his observations regarding the objective signs of the defendant's slurred speech, waivering stance, and the distinct odor of alcohol on his breath provided evidence by which any rational trier of fact could have found this defendant guilty beyond a reasonable doubt of the crime of driving while intoxicated.
The defendant is also convicted of the reckless operation of a vehicle, which is defined as follows:
R.S. 14 Sec. 99. Reckless operation of a vehicle
Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner.

* * * * * *
Criminal negligence occurs in those instances in which neither specific nor general criminal intent is present but there exists such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. R.S. 14:12. State ex rel. Palermo v. Hawsey, 377 So.2d 338 (La., 1979).
The defendant argues that excessive speed alone will not support a conviction for reckless operation. He cites State v. Lemoine for his position. 403 So.2d 1230 (La., 1980).
In the Lemoine case supra the issue was whether the record revealed "the combination of circumstances necessary to show that the defendant by driving at an unspecified speed, thought to be in excess of the posted speed limit, committed a criminally negligent act." In that case, the Louisiana Supreme Court was apparently impressed by the fact that the arresting officer could only estimate the defendant's speed. He stated that he thought the posted speed limit was 25 miles per hour and the defendant was exceeding the posted speed limit. The Court concluded therefore:
We have reviewed the record and do not feel that it discloses the combination of circumstances necessary to show that the defendant by driving at an unspecified speed, thought to be in excess of the posted speed limit, committed a criminally negligent act. State v. Lemoine, supra at 1234.
In reaching this conclusion the Louisiana Supreme Court reasoned as follows:
In State ex rel. Palermo v. Hawsey, supra, this court reversed a reckless operation of a vehicle conviction where the defendant was spinning his wheels while accelerating out of a parking lot. This court made the following comment in reversing the conviction.
`But we find no evidence in the record that defendant was speeding, weaving in his lane, crossing the center line, or giving any other indication he was operating his vehicle recklessly or in violation of any other traffic provision.'
Defendant suggests that this language is significant in urging that he was not guilty of careless and reckless driving. The description of conduct listed in the comment should not be taken as an exclusive *914 listing of the modes by which one may violate LSA-R.S. 14:99. Certainly speed under circumstances might constitute careless and reckless driving. Speed alone, however, should not necessarily be determinative. No doubt circumstances may exist in which one would be careless and reckless to drive within the posted speed limit. (Emphasis Supplied) State v. Lemoine, supra at 1233.
In this case we find that the circumstances revealed by the record are such that the trier of fact could have reasonably concluded that the defendant was operating his vehicle in a criminally negligent manner. Lemoine's speed had been recorded, with accuracy, to be 29 miles over the speed limit. Additionally, this fact should be considered with the subsequent determination that this defendant was driving under the influence of alcohol. Accordingly, the facts are sufficient to conclude that the defendant's actions were a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances and these actions constituted criminal negligence.
Thus, viewing this evidence in the light most favorable to the prosecution, any reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt, of reckless operation of a vehicle.
For the reasons assigned, assignments of error numbers 1 and 2 lack merit.

Assignment No. 3
The defendant contends, by assignment of error number 3, that the defendant did not knowingly and voluntarily waive his right to a jury trial.
A defendant charged with a misdemeanor(s) in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors. C.Cr.P. Art. 779.
In this case the defendant was charged by two bills of information with two misdemeanors, and the aggregate sentence for the same could exceed six months. Thus, Legnon was entitled to a jury trial. See: State v. Lauredine, 439 So.2d 398 (La., 1983); State v. Williams, 404 So.2d 954 (La., 1981).
The defendant charged with any offense, except a capital offense, may knowingly and intelligently waive a trial by jury and elect to be tried by the court. C.Cr.P. Art. 780.
In this case the record reflects a knowing and intelligent waiver of the defendant's right to a jury trial. That is, the minutes reflect that "the defendant waives all rights to a trial by jury." Additionally, defense counsel affirmatively stated "[We] would also waive any right to a jury trial that we might have."
Accordingly, we find that this assignment lacks merit.
We have also reviewed this case for errors patent on the face of the record and we find none. C.Cr.P. Art. 920(2).
For the reasons assigned the defendant's convictions and sentences are affirmed.
AFFIRMED.