FRED W. JONES, Jr., Judge.
Defendant Prudhomme was charged with attempted first degree murder in violation of La.R.S. 14:27 and 14:30. After a bench trial he was found guilty and sentenced to 15 years imprisonment at hard labor, five of which were to be served without benefit of parole. Defendant appealed, alleging the evidence was insufficient for conviction because there was no showing of specific intent. Additionally, he contended his sentence was excessive. For the reasons assigned below we find both assignments of error to be without merit.
According to the evidence presented at trial, the case arose when defendant used racial slurs to a group of young men (black and white) who were playing basketball in the general area of an elementary school yard. One of the blacks eventually struck defendant, who then went to get his older brother, Gordon, to enlist his aid in taking revenge. Defendant found Gordon at a local lounge and, after borrowing an automobile, the two brothers returned to the school yard. While Gordon drove the car, the defendant began firing a rifle at the people in the area of the basketball courts. Between eight and fifteen shots were fired and a 13-year old boy was struck in the right ear lobe. At one point, defendant and his brother chased a young black male to a fence where the young man was stopped by briars. Defendant got out of the car, *238 pointed the rifle at the youth and demanded to know where was the “nigger who hit me.” Gordon alighted from the car and took the rifle from defendant who then took a swing at the young man. Defendant returned to the car and the brothers drove away. Defendant was subsequently arrested and charged with attempted first-degree murder.
ASSIGNMENT OF ERROR NO. 1
Defendant alleges the lower court erred in finding him guilty of attempted first-degree murder because he lacked the required specific intent to kill anyone. Defendant claims his shots were aimed at the sky and supports this with the fact that slugs were not found in the walls near the basketball court. He also relies on the confrontation with the youth who was caught in the briars, i.e., if defendant had had the specific intent to kill, he would have killed the youth.
All of the above is adequately refuted by other testimony. Numerous witnesses testified specifically that defendant was aiming at the people and since defendant was firing from a moving car it is probable that some shots went high and slugs could not be found. Several witnesses did testify that bullets passed within inches of their heads and the 13-year-old was actually struck. When a youth was stopped by briars, defendant pointed the rifle at the individual’s head and may well have fired had Gordon not taken the gun away. Indeed, after the initial confrontation at the school yard, a witness testified that defendant stated he would return and was “going to get us.”
The standard required to meet due process is that the evidence, when viewed in a light most favorable to the prosecution, must be sufficient for a reasonable trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); La.C.Cr.P. Article 821.
Specific intent is a state of mind and need not be proved as a fact; it may be inferred from the circumstances and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1983). It is for the trier of fact to determine whether the requisite intent is present. State v. Huizar, 414 So.2d 741 (La.1982).
The evidence presented at trial, when viewed in the light most favorable to the prosecution, amply demonstrates that defendant specifically intended to kill or inflict great bodily harm upon those found at the school yard. Specifically, he sought the person(s) who had assaulted him earlier that day. Defendant had become angered at those in the school yard and left after stating he would “get them” or “take care of them.” Defendant then went looking for his older brother in order to have help when he returned. Defendant did return with his brother and fired shots. Some of these may have gone high but others came very near their victims and one shot actually hit a 13-year-old. The actions of defendant and the surrounding circumstances indicated he specifically intended to kill or inflict great bodily harm. The assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant alleged he received an excessive sentence. Defendant specifically refers to four of the factors in mitigation cited by the judge, but adds that these factors “seem to carry no weight with the court.”
The four factors defendant refers to are: (1) defendant’s age at the time of the offense [17 years]; (2) defendant’s lack of prior criminal record; (3) defendant’s apparent intoxication at the time of the offense and his general diminished capacity resulting from a head injury at age ten; and, finally, (4) defendant’s being under the influence of his older brother Gordon [early 30’s at the time of the offense].
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and *239 such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983) and State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983). The sentencing guidelines of La.C.Cr.P. Article 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). These guidelines require each sentence to be individualized. The trial judge must state for the record the considerations taken into account and the factual basis for imposing sentence. State v. Jackson, 360 So.2d 842 (La.1978).
While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983) and State v. Cunningham, 431 So.2d 854 (La.App.2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App.2d Cir.1985).
In this case the trial judge adequately articulated the factors found in Article 894.1. He noted that defendant was, at sentencing, a 19 year old first offender with no prior criminal history. Additionally, defendant had been injured at age ten when struck by a car while riding a bicycle. This resulted in some brain damage and reduced mental capacity. Also, defendant has three plastic valves in his heart. The judge recognized that there were indications of drunkenness although not sufficient to nullify specific intent. He went on to find an undue risk to others if probation were allowed due to the severity of the offense and a need for correctional treatment. Defendant’s conduct threatened and did cause serious harm. That harm was contemplated by defendant. Hence, a lesser sentence would deprecate the seriousness of the crime. Although some provocation was found, the provocation was not immediate to the acts of defendant. Finally, the judge found that imprisonment would work no hardship on defendant or his family.
The maximum imposable sentence for this offense is 50 years. Defendant’s sentence of 15 years is slightly more than one-quarter of the possible maximum.
For the above reasons, it cannot be said that defendant’s sentence was excessive. The assignment lacks merit.
We note that the trial judge applied La.C. Cr.P. Article 893.1 (the “firearm enhancement” statute) which requires that five years of the sentence be served without benefit of parole. We further note that the trial court minutes reflect the entire sentence was without benefit of parole. We correct this error.
DECREE
For the reasons assigned above, defendant’s conviction and sentence are affirmed. Additionally, we order that the trial court minutes be amended to reflect that only the first five years of the sentence are to be served without benefit of parole.