ARMSTRONG, Judge.
The defendant, Odis E. Davis, II, was charged by bill of information with a violation of LSA-R.S. 14:98 relative to the offense of operating a vehicle while intoxicated (D.W.I.). Following a bench trial the defendant was found guilty as charged. He was sentenced to pay a fine of $125 and court costs and serve thirty (30) days in the parish prison, prison sentence suspended upon payment of the fine and costs. The defendant was placed on one-year inactive probation. As special conditions of probation he was to pay $250 to the Indigent Defender Board, to attend and pay the costs of a driver improvement program and a substance abuse program and to perform four eight-hour days of community service. It is from this conviction and sentence that defendant now “appeals.” Since the defendant has no right of appeal because a first violation of R.S. 14:98 is not triable by a jury, we treat this matter as an application for supervisory writs.[1] State v. Henderson, 491 So.2d 647 (La.1986), and State v. Banks, 444 So.2d 1243 (La.1984).
The record reflects that in the early hours of January 1, 1985, the defendant was arrested for reckless operation of a motor vehicle. Deputies John Schaubhut and Warren Korach, the two arresting officers, testified as to the circumstances.
According to the testimony of Deputy Korach, the officers were “running radar” that night at approximately 1:30 a.m. He observed the defendant’s vehicle traveling South on Louisiana 23 in Belle Chasse. The officers’ vehicle which was traveling north at the time executed a U-turn and followed the defendant. The defendant was weaving in and out of traffic, hitting the right curb several times and crossing the center traffic lane to the left. According to Deputy Korach, the officers stopped the vehicle in a Time Saver parking lot and asked the defendant to get out of his car. The defendant exited his vehicle. He was staggering, his eyes were very red, his speech was slurred and he was holding on to the door of his vehicle in order to maintain his balance. Officer Korach observed two open beer bottles in the car, one was empty, the other had cold beer in it. The defendant smelled of alcohol. Officer Ko-rach attempted to give the defendant field sobriety tests. He asked the defendant to walk a line and to pick up coins. The defendant did not perform either task. He appeared to the officer to understand but not be able to perform these tests. Officer Korach indicated that he alone tried to administer these field tests. The officer arrested the defendant and transported him to Belle Chasse Lock-Up. Because there was no photoelectric intoximeter (P.E.I.) operator on duty the defendant was not administered the test which indicates blood alcohol levels. He was booked only for reckless driving. Later, based upon the facts contained in the original police report, the district attorney instituted the present D.W.I. charges.
*164 Deputy John Schaubhut also testified. He related that he observed a vehicle swerving from lane to lane. The car was pulled over to a shell parking lot across the street adjacent to the Time Saver store. When the defendant exited his car, the officer observed that he did so in an unstable manner and had to hold on to the side of his vehicle to stand. He noticed a strong smell of alcohol on defendant’s breath and that the defendant’s speech was slurred. He also observed two beer bottles, one empty and the other, “... looked like it might have been cold, and he might have been drinking on it at the time.” He too observed the defendant’s bloodshot eyes. Officer Schaubhut stated that he also asked the defendant to perform a field sobriety test, i.e., he asked him to stand with his arms extended, close his eyes and touch his nose with each index finger. The officer noted that the defendant seemed incapable of performing the task and made no attempt to do so. Deputy Schaubhut remarked specifically that the officers attempted to administer no other field sobriety test. He also related that when the defendant was taken to the lockup, no P.E.I. test operator was present to perform the intoximeter test.
A review of the record reveals no errors patent.
By his only assignment of error, the defendant contends that the evidence was insufficient to convict him of operating a vehicle while intoxicated. He maintains that the testimony of the State’s witnesses, the two arresting police officers, contained contradictions, ambiguities and inconsistencies such that any rational trier of fact would have grave doubt regarding the witnesses’ credibility and veracity.
In order to convict an accused of driving while intoxicated, the State need only prove that the defendant was operating a vehicle or other conveyance and that the defendant was under the influence of alcohol or drugs. State v. Fontenot, 408 So.2d 919 (La.1982).
LSA-R.S. 14:98(A)(1), in pertinent part provides as follows: A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when: (1) The operator is under the influence of alcoholic beverages.
There is no dispute concerning the fact that the defendant was driving a car.
Intoxication with its attendant behavioral manifestation is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330; 1334 (La.1983). Some behávorial manifestations, independent of any scientific tests, are sufficient evidence to support a charge of driving while intoxicated. In State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985), the arresting officer testified that he smelled alcohol on the defendant’s breath, the defendant failed field sobriety tests, and he could not stand up straight because his balance was off. In State v. Landry, 463 So.2d 761 (La.App. 5th Cir.1985), writ den., 464 So.2d 1373 (La.1985), the arresting officer testified that he observed the defendant’s car swerving. After the defendant had exited the car, he was holding on to the car door to maintain balance. The defendant refused to take any sobriety tests. His speech was slurred and his breath smelled of alcohol. In Landry, supra, and in Legnon, supra, the reviewing court held that the evidence of intoxication was sufficient to convict.
In the present matter, although the officers’ testimony contains some variations, their description of the defendant’s behavior, some ten months after the incident, was consistent. Both officers testified that the defendant’s car was swerving; the defendant was unsteady on his feet, having to hold on to his car for balance; his eyes were bloodshot; his speech was slurred and his breath smelled of alcohol. The defendant did not perform or pass any field sobriety tests. Both officers observed two beer bottles, one empty, one somewhat filled, within the defendant’s reach in the car.
Based on the foregoing, we conclude, viewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the defend *165 ant guilty beyond a reasonable doubt of operating a vehicle while intoxicated (DWI). See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Legnon, supra.
It is not the function of a reviewing court to assess credibility or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986). The ultimate decision of whether or not the defendant was intoxicated rests with the fact finder. State v. Allen, supra. In an appellate review for minimal constitutional sufficiency of the evidence, the reviewing court is limited to an evaluation of the rational trier of fact/reasonable doubt standard of Jackson, supra. Accordingly, we deny the defendant’s writ application and affirm the trial court’s judgment.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The Louisiana Courts of Appeal have appellate jurisdiction over criminal cases triable by a jury. La. Const. Art. V § 10(A); LSA-C.Cr.P. Art. 912.1(B). A criminal case is triable by a jury when the punishment which may be imposed is a fine in excess of $500 or imprisonment for more than six months. LSA-C.Cr.P. Art. 779(A). A conviction for first offense D.W.I. under LSA-14:98(B) mandates a sentence of not more than six months imprisonment and a fine not in excess of $500.