535 So.2d 866 (1988)
STATE of Louisiana, Appellee,
v.
Walter Harris NIX, Appellant.
No. 19893-KW.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
Wellborn Jack, Jr., Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Barbara B. Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Gay Caldwell Gaskins and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Walter Harris Nix, was found guilty by the trial court of driving while intoxicated, first offense, a violation of LSA-R.S. 14:98. From this conviction, the defendant applied to this court for a writ of review. We granted the defendant's writ application in order to review the issues of whether the state presented sufficient evidence to support the conviction and whether the defendant received adequate notice in the bill of information to defend against a charge of driving while under the influence of a combination of alcohol and drugs. After reviewing the record in this case, we affirm the defendant's conviction and sentence.

FACTS
On November 22, 1986, at approximately 9:40 p.m., the defendant was driving his pickup truck in Blanchard, Louisiana. He was observed by Officer Michael Malone of the Blanchard Police Department who testified that the defendant twice crossed the center line of the highway. Officer Malone *867 stopped the defendant and asked him several times to exit his vehicle. The defendant exited the vehicle with difficulty. He also had difficulty in retrieving his driver's license from his wallet. Officer Malone observed the defendant to be unsteady on his feet and smelled the odor of alcohol on the defendant's breath. The defendant stated that he had consumed a couple of beers prior to driving the vehicle.
Officer Malone administered several field sobriety tests to the defendant, including the nystagmus gaze test, the alphabet test, the one leg stand test and the finger to nose test. The defendant did not perform the heel to toe test because he was recovering from a leg injury. The defendant performed poorly on all the field sobriety tests. He was then placed under arrest for driving while intoxicated and was taken to the Caddo Parish Sheriff's Office.
The defendant was offered an opportunity to take a breath test to determine whether he was in fact intoxicated. The defendant either could not or would not cooperate on the two occasions the test was given and failed to blow an adequate amount of air into the machine to obtain a reading.
Officer Malone testified that the defendant expressed concern that the results of a breath test would be over .10 percent blood alcohol content, the amount necessary to establish a legal presumption of intoxication, because he had ingested some whiskey in addition to drinking two beers.
On January 22, 1987 the defendant was charged by bill of information with driving while under the influence of alcoholic beverages, a violation of LSA-R.S. 14:98, and driving left of the center of the highway, a violation of LSA-R.S. 32:71(A). Trial was held on December 10 and 11, 1987.
Officer Malone testified at trial concerning the defendant's arrest and the defendant's intoxicated condition at the time of arrest. The officer also related the statements made by the defendant concerning the amount of alcohol he had consumed.
Deputy Jeff Garr of the Caddo Parish Sheriff's Office and Officer Ted Bostwick, Chief of the Blanchard Police Department, testified that they responded to Officer Malone's call for assistance on November 22, 1986 when the defendant was arrested. Garr and Bostwick testified that they observed the defendant perform poorly on the field sobriety tests and that the defendant smelled of alcohol.
Deputy Billy Hayes of the Caddo Parish Sheriff's Office testified that he saw the defendant at the Caddo Parish Courthouse following the arrest. Deputy Hayes explained the defendant's rights to him and twice tried unsuccessfully to administer a breath test to determine the percentage of alcohol in the defendant's blood. Deputy Hayes also testified that the defendant stated that he knew his breath test would show more than .10 percent blood alcohol content because, after he drank two beers, he also drank some 100 proof whiskey.
According to the defendant, who testified at trial, on the afternoon of November 22, 1986, between noon and six p.m., he drank two beers. He drank two beers between noon and six p.m. He then drank another beer at the home of a friend that evening. The defendant was given a fourth beer as he was leaving his friend's home at approximately 9:30 p.m., although he claimed he did not drink much of this beer. The defendant also testified that during the course of the evening he had taken two Xanax tablets, a type of tranquilizer. The defendant testified that shortly after taking the pills, he momentarily became dizzy. He testified that while driving, shortly before being apprehended by the police, he again became dizzy and pulled off the road until he felt well enough to continue driving.
The defendant testified that while pulling off the road after being spotted by Officer Malone, the container of beer he had with him spilled in the cab of the truck and as a consequence he had beer on his hands and clothing.
The defendant could not recall taking the field sobriety tests and denied telling law enforcement officers that he had consumed whiskey in addition to the beer.
The trial court found the defendant not guilty of driving left of the center of the *868 highway, but found the defendant guilty of driving while intoxicated. The court recounted the testimony of the defendant that he had consumed three beers between noon and 9:30 p.m. on November 22, 1986 and that he partially consumed a fourth beer between 9:30 p.m. and the time he was stopped by Officer Malone. The court also considered that the defendant had taken two Xanax tablets while drinking alcohol. The court then stated:
My conclusion is that he was driving while intoxicated as a result of having taken two pills, which the court believed hypertentiated [sic]were hypertentiated [sic] by the alcohol, causing him to be in the condition he was in.
The court found that the defendant was driving while intoxicated, not only due to his consumption of alcohol, but because of a combination of the drugs and the alcohol. The court then imposed upon the defendant the standard sentence for driving while intoxicated, first offense.
The defendant applied to this court for review of this misdemeanor case, arguing that there was insufficient evidence to support his conviction for driving while intoxicated and that he was not given adequate notice in the bill of information to defend against a charge of driving under the influence of a combination of drugs and alcohol.

SUFFICIENCY OF THE EVIDENCE
In examining the sufficiency of the evidence, due process requires that the evidence, when viewed in a light most favorable to the prosecution, must be sufficient for a reasonable trier of fact to conclude that the essential elements of the offense were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Prudhomme, 499 So.2d 236 (La.App. 2d Cir.1986); State v. Jackson, 480 So.2d 937 (La.App. 2d Cir. 1985), writ denied 484 So.2d 668 (La.1986); State v. Davis, 505 So.2d 162 (La.App. 4th Cir.1987).
In the present case, the defendant was charged under LSA-R.S. 14:98 with operating a vehicle while under the influence of alcoholic beverages. The elements of the offense are (1) operating a vehicle and (2) doing so while under the influence of alcohol.
The defendant admits that he was driving a vehicle before his arrest. The defendant also admits that he drank some alcohol before his arrest. However, the defendant contends that there is insufficient evidence to show that he was under the influence of alcohol. The record reveals that the evidence, when considered in accordance with the standards set forth in Jackson v. Virginia, supra, was sufficient to prove that the defendant was under the influence of alcohol when he operated his vehicle on November 22, 1986. Officers Malone and Bostwick and Deputy Garr testified that the defendant smelled of alcohol, was unsteady on his feet and failed numerous field sobriety tests. Officer Malone and Deputy Hayes testified that the defendant stated he had consumed whiskey in addition to drinking beer prior to his arrest.
Such evidence is sufficient to establish that the defendant had been drinking alcohol and that it influenced his ability to operate his vehicle. State v. Walker, 451 So.2d 679 (La.App. 2d Cir.1984), writ denied 456 So.2d 1016 (La.1984); State v. Cichirillo, 440 So.2d 934 (La.App. 2d Cir.1983); State v. Davis, 505 So.2d 162 (La.App. 4th Cir.1987); State v. Chestnut, 462 So.2d 674 (La.App. 4th Cir.1984). Therefore, the state carried its burden of proving the essential elements of the charged offense.
The trial court specifically found that the defendant was under the influence of both alcohol and drugs when the present offense occurred. The defendant seems to argue that because the trial court found that his drug use was partially responsible for his intoxication, that the state failed to prove intoxication due to alcoholic beverages. In effect, the defendant offers as a defense to the charge of driving while under the influence of alcohol the fact that he was committing another offense, driving under the *869 influence of prescription drugs. This contention is without merit.
LSA-R.S. 14:98, the statute under which the defendant was charged, sets forth three different conditions which constitute driving under the influence of an intoxicant:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
Although we find no Louisiana DWI cases directly on point dealing with intoxication resulting from the consumption of a combination of drugs and alcohol, this issue has been dealt with in numerous other jurisdictions with statutes similar to ours. Those jurisdictions hold that when one is charged with operating a motor vehicle while under the influence of alcoholic beverages, and it is proved beyond a reasonable doubt that the defendant operated a motor vehicle and while his faculties were impaired by alcoholic beverages, whether the driver was influenced or affected by alcoholic beverages alone or by a combination of alcoholic beverages and other substances is immaterial.
If the defendant is under the influence of both drugs and alcoholic beverages, he is undoubtedly under the influence of alcoholic beverages. State v. Thomas, 318 P.2d 592 (Idaho 1957); State v. West, 416 A.2d 5 (Me.1980); State v. Blier, 330 A.2d 122 (Me.1974); Commonwealth v. Stathopoulos, 401 Mass. 453, 517 N.E.2d 450 (1988); State v. Daniels, 379 N.W.2d 97 (Minn.App.1986); State v. Glynn, 20 N.J. Super. 20, 89 A.2d 50 (App.Div., 1952); State v. Miles, 8 Or.App. 189, 492 P.2d 497 (1972); Commonwealth v. Bishop, 182 Pa. Super. 151, 126 A.2d 533 (1956); Commonwealth v. Rex, 168 Pa.Super. 628, 82 A.2d 315 (1951); Commonwealth v. Schuler, 157 Pa.Super. 442, 43 A.2d 646 (1945); Heard v. Texas, 665 S.W.2d 488 (Tex.Crim. App.1984). These cases also hold that it is of no consequence that the amount of alcoholic beverages consumed by a defendant was minimal if the drugs which were taken amplified the effect of the alcohol.
In the present case, there is sufficient evidence to find beyond a reasonable doubt that the defendant was under the influence of alcohol while operating his vehicle. The influence of the drugs which the defendant took may have added to the intoxicating effect of the alcohol, but that does not negate the fact that the defendant was under the influence of alcohol. The trial court correctly found that the defendant was guilty of operating his vehicle under the influence of alcoholic beverages.

LACK OF NOTICE
The defendant also argues that he failed to receive adequate notice in the bill of information to defend against a charge of driving while under the influence of a combination of alcohol and drugs. This argument is meritless.
The defendant cites the case of State v. Booker, 385 So.2d 1186 (La.1980), for the proposition that, under the principles of due process, a defendant must receive notice of the specific charge against him and be given a chance to be heard at trial on the issues raised by that charge. While it is true that under Booker and under fundamental principles of due process a defendant does have a constitutional right to be apprised of the charges against him in order that he may prepare his defense, the defendant has failed to show that the principles of due process have been violated in this case. The defendant was not charged with driving under the influence of a controlled dangerous substance but rather was charged with driving under the influence of alcohol. The state carried its burden of proving the offense charged. The defendant himself raised the issue of driving under the influence of prescription drugs, ostensibly as a defense to the charge of driving under the influence of alcohol. Under the circumstances *870 presented here, only he could have known of his use of the drugs. The defendant was not required to defend against the charge of driving under the influence of both alcohol and drugs. The state presented only evidence of the defendant's intoxication due to alcohol. The defendant's attempt to defend against the charge by voluntarily raising the drug issue and admitting to having consumed not only alcohol, but also drugs which accentuated the effect of the alcohol, in no way prejudiced his right to due process in this case.
The defendant clearly received notice of the charge against him and was allowed the opportunity to defend against it. In addition, we note that the defendant failed to object to the bill of information in the trial court.
As stated above, the fact that the trial court found that the defendant was under the influence of both alcohol and drugs is of no consequence.
The defendant has failed to show that he was denied the right to be apprised of the charge against him.

CONCLUSION
For the reasons stated above, the conviction of the defendant, Walter Harris Nix, is affirmed.
AFFIRMED.