KLEES, Judge.
The defendant was charged by bill of information with driving while intoxicated and failure to maintain reasonable and proper control of his vehicle. R.S. 14:98, 32:58. On June 7, 1988, the trial judge found the defendant guilty as charged. On the driving while intoxicated charge, the trial court sentenced the defendant to serve ten days in Parish Prison which was suspended on payment of $250.00 fine and court costs. The defendant was placed on one year inactive probation. On count two, the defendant was fined twenty-five dollars and ordered to serve ten days in Parish Prison in default. From these convictions and sentences defendant appeals.
FACTS:
Deputy Daryl Dragon of the Plaque-mines Parish Sheriffs Department testified that on December 4, 1987, he was proceeding eastbound on La. 406. The defendant was parked in a parking lot on the Orleans Parish side of the highway. As the officer’s car approached, the defendant pulled out in front of him causing him to slam on his brakes. The defendant continued into *221 Plaquemines. The officer observed him pass over the center line three to four times, and he then pulled him over. He asked the defendant to exit the car and the defendant put the car in reverse. He then ordered the defendant to turn the car off and he did not, although he did take the car out of reverse. The officer smelled a strong odor of alcohol on the defendant’s breath from a distance of two feet. As the defendant walked to the rear of the car, he used it as a guide to walking; and he leaned up against the truck. He had slurred speech and bloodshot eyes. The officer could understand some of the defendant’s words, but not others. The defendant refused to take a field sobriety test. The officer then arrested the defendant and advised him of his rights. At the police station, the defendant refused to take a. breath test. The defendant admitted to the officer he had consumed three beers.
Michael Carlisle testified for the defense that he was with the defendant at the Blue Angel Inn in the morning hours before his arrest and that the defendant dropped him off at the Blue Angel. He said the defendant was not weaving, had normal conversation and was keeping his eyes focused.
Dr. Mark Shwaiger, a chiropractor, testified he treats the defendant for low back pain. He said his condition affects his coordination and that he might not have had a normal gait as he exited the car due to his condition.
The defendant testified he played pool at the Blue Angel with Michael Carlisle, then went to “D and B” and then returned to the Blue Angel. He left and was going to stop at McDonald’s, but finding it closed, he turned around in the parking lot and re-entered the highway. The officer pulled him over and ordered him to the rear of the car. He said the officer did not ask him to take a field sobriety test. He said he did ask him to take a breath test and that he had advised him of his rights. He maintained he was sober.

Sufficiency of Evidence

The proper standard of review in determing the sufficiency of evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). When the conviction is based on circumstantial evidence, the evidence, viewed favorable to the State, must exclude every reasonable hypothesis of innocence. Only those hypotheses which are reasonable need be excluded. R.S. 15:438; State v. Sims, 426 So.2d 148 (La.1983). The circumstantial evidence test and the Jackson, supra, test are not completely separate. “Ultimately, all evidence, direct and circumstantial must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.” State v. Porretto, 468 So.2d 1142, 1146 (La.1985). To convict a defendant for driving while intoxicated, the State must establish: 1) that defendant was operating a motor vehicle or other conveyance, and 2) that defendant was intoxicated while operating the vehicle. State v. Fontenot, 408 So.2d 919 (La.1981); State v. Lindinger, 357 So.2d 500 (La.1978).
The officer in this case testified the defendant almost hit his car. He saw the defendant weave several times and pass over the center line of the highway three to four times. The defendant had trouble putting the car in park. The officer smelled a strong odor of alcohol. The defendant almost lost his balance while trying to walk and had to use the car as a guide. His speech was slurred and his eyes were bloodshot. He admitted drinking beer. His friend, who testified for the defense, also stated the defendant had been drinking.
In State v. Davis, 505 So.2d 162 (La.App. 4th Cir.1987), this court found the evidence was sufficient where it established the arresting officer had seen the defendant’s car weaving in and out of traffic, hitting the right curb several times and crossing the center traffic line to the left. When the defendant exited his car, he was stagger *222 ing, his eyes were very red, his speech was slurred and he was holding on to the door of his vehicle in order to maintain his balance. The officer observed one empty and one partially full bottle of beer in the car. The officer smelled alcohol. The defendant failed part of a field sobriety test, and refused to take other parts. Because there was no photoelectric intoximeter operator on duty, the defendant was not administered the test which indicates blood alcohol levels.
This court noted:
Intoxication with its attendant behavioral manifestation is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330, 1334 (La.1983). Some behavorial manifestations, independant of any scientific tests, are sufficient evidence to support a charge of driving while intoxicated. In State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985), the arresting officer testified that he smelled alcohol on the defendant’s breath, the defendant failed field sobriety tests, and he could not stand up straight because his balance was off. In State v. Landry, 463 So.2d 761 (La.App. 5th Cir.1985), writ den., 464 So.2d 1373 (La.1985), the arresting officer testified that he observed the defendant’s car swerving. After defendant had exited the car, he was holding on to the car door to maintain balance. The defendant refused to take any sobriety tests. His speech was slurred and his breath smelled of alcohol. In Landry, supra, and in Legnon, supra, the reviewing court held that the evidence of intoxication was sufficient to convict. Id. at 164.
The facts of these cases support the finding that the evidence was sufficient in this case.
The defense in this case also argues the officer’s testimony was inconsistent. However, a reading of the officer’s testimony does not reveal inconsistencies, at least none that was material. Moreover, in Davis, the defense argued the testimony of the State’s witnesses contained contradictions, ambiguities and inconsistencies such that any rational trier of fact would have grave doubt regarding the witnesses’ credibility and veracity. This court stated:
It is not the function of a reviewing court to assess credibility or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986). The ultimate decision of whether or not the defendant was intoxicated rests with the fact finder. State v. Allen, supra. In an appellate review for minimal constitutional sufficiency of the evidence, the reviewing court is limited to an evaluation of the rational trier of fact/reasonable doubt standard of Jackson, supra. Id. at 165.
As such, the defense argument has no merit.
As to the second count, failure to maintain reasonable and proper control of a vehicle, few cases address the sufficiency of evidence. However, the Second Circuit in State v. Skeetoe, 501 So.2d 931 (La.App. 2nd Cir.1987), reviewed for sufficiency and found the evidence sufficient on both a D.W.I. count and a failure to maintain reasonable control count where an ambulance attendant arrived on the scene to find the defendant slumped over the steering wheel of his car which had run off the road into a ditch. The attendant smelled alcohol.
In this case, the defendant was weaving and crossing the center line of the highway. He nearly hit the officer’s car. He exhibited behavioral manifestations of intoxication. We conclude that the evidence is sufficient to support the conviction.
The defendant also argues the State failed to prove the crimes occurred in Plaquemines Parish. However, the officer testified “I followed him down La. 406 until he entered our parish, at which time I observed him, he was still weaving in the road several times, passing over the center line and the edge of the highway three to four times, at which time I proceeded to pull him over.” (Tr. 8-9). (Empahsis added). Although the officer did testify on cross he observed some of the criminal activity in Orleans, and that the defendant had travelled only a short distance in Plaquemines, (Tr. 25) it appears the crimi *223 nal activity occurred during that short distance in Plaquemines.
The defendant also argues he could not have been found guilty of both counts because “one offense is included in the other,” i.e. the failure to maintain reasonable control of a vehicle is a lesser included offense of driving while intoxicated. A lesser included offense is one, all of the elements of which are likewise elements of the greater charged offense. State ex rel Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982), cert. den. 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). R.S. 32:58 provides: It shall be unlawful for the driver of any vehicle to negligently fail (sic) to maintain reasonable and proper control of said vehicle while operating a vehicle on the public roads of the State. As such, R.S. 32:58 contains an element not required by the D.W.I. statute: failure to maintain control. The statute therefore does not set out a lesser included offense of D.W.I. statute.
RIGHT TO TRIAL BY JURY:
The defendant argues the trial court incorrectly denied his request for jury trial. He argues he was entitled to a jury because the maximum possible sentence exceeded six months and $500.00.
C.Cr.P. art. 493.1 provides:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, both. Added by Acts 1983, No. 149, § 1.
C.Cr.P. art. 779 provides:
A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury. Amended by Acts 1968, No. 635, § 1; Acts 1974, Ex.Sess. No. 23, § 1, eff. Jan. 1, 1975; Acts 1975, Ex.Sess. No. 16, § 1, eff. Jan. 28, 1975; Acts 1979, No. 56, § 1; Acts 1986, No. 852, § 1, eff. July 10, 1986.
The defendant was charged by a single bill of information in this case. Accordingly, the maximum sentence the defendant could have received was six months or $500.00. He was not entitled to a jury. State v. Johnson, 458 So.2d 1301 (La.1984).
Accordingly, the defendant’s convictions and sentences are hereby affirmed.
AFFIRMED.