McMillan, judge.
The appellant, Terence Moore Harrell, was charged with operating or being in physical control of a vehicle while under the influence of alcohol, a violation of § 32-5A-191(a)(2), *448 Code of Alabama 1975. On September 8, 1997, he was found guilty and on October 23, 1997, he was sentenced to one year in the Baldwin County jail, that sentence was split and he was ordered to serve 48 hours; ordered to pay a $500 fíne; and to pay $100 to the Head Injury Foundation, $25 to the crime victims compensation fund, and court costs.
I.
The appellant first argues that the trial court committed reversible error by denying his motion for a judgment of acquittal because, he argues, there was a fatal variance between the evidence at trial and the facts specified in the charging instrument. According to the appellant, there was evidence at trial that he was under the influence of a controlled substance or was under the influence of both a controlled substance and alcohol while driving a vehicle, which might have resulted in a violation of § 32-5A-191(a)(3) or (4), but not § 32-5A-191(a)(2), which was the only violation charged in the complaint. However, it is clear that the evidence presented during the State’s case-in-chief was sufficient to support a conviction for a violation of § 32-5A-191(a)(2) and that it did not fatally vary from the complaint.
The evidence at trial tended to show that on June 14, 1996, at about 1:40 A.M., Patrol Officer Jeff Dunn with the Baldwin County Sheriffs Department, driving behind the appellant, saw the appellant’s vehicle swerve into the passing lane as many as four times. After getting the appellant to pull over to the side of the road, Officer Dunn approached the vehicle, noticing that the appellant was slumped over the steering wheel. When the appellant rolled his window down, Officer Dunn immediately noticed the strong smell of an alcoholic beverage. Officer Dunn asked the appellant if he had been drinking and the appellant replied that he had had a few beers. The appellant had to lean against the car to exit, and when he closed the door, he staggered towards the back of the car. He was disheveled, sweaty, dirty, his eyes were glazed over and red, and he appeared confused when he tried to answer simple questions. Officer Dunn explained to the appellant that he was going to have him perform field sobriety tests and that the results could be used against him in a court of law. The appellant apparently became irritated with the idea of taking the tests, and he had difficulty performing the walk- and-turn test, and he was unable to keep his hands to his side, to count out loud, and walk heel-to-toe as instructed. Officer Dunn placed him under arrest, read him his Miranda warnings and transported him to the Daphne Police Department to take the Intox-ilyzer 5000 test, which Officer Dunn was certified in administering. However, the appellant would not blow enough air into the machine for the operation of the test, claiming that he had emphysema. The appellant became irate, telling Officer Dunn that it was his fault that the appellant would lose his truck driver’s license. Officer Dunn testified that based upon his training and prior DUI arrests, it was his opinion that the appellant was under the influence of alcohol.
On behalf of the defense, George Lowe, a friend of the appellant, testified that the appellant had been at his house all day from morning until after dark the day before his arrest. According to Lowe, the appellant spent the day cleaning his truck and did not consume any alcohol while at his house. Dr. Thomas F. Sapp also testified on behalf of the defense, stating that on June 10, 1997, he prescribed Darvacet-N 100 for treatment of a burn the appellant suffered. Dr. Sapp testified that, although it would be unusual with the dose he recommended, this drug could have a mood-altering effect that would be compounded by alcohol.
The appellant asserts that the evidence, specifically Dr. Sapp’s testimony and allegedly insufficient evidence that the appellant’s intoxicated state was caused by alcohol, differs from the allegations in the complaint, which referred only to his being under the influence of alcohol; thus, he argues, there is a fatal variance between the charging instrument and the proof. The appellant is correct in arguing that “[plroof of a violation of one subsection will not support a conviction where the defendant is charged with violating a different subsection.” Stone v. City of Huntsville, 656 So.2d 404, 413 (Ala.Cr.App. *449 1994). However, regardless of the evidence presented by the defense, the State clearly presented enough evidence to support a conviction for driving under the influence of alcohol.
Although the issue was not preserved for review, this Court faced a similar situation in Stone. Like the appellant in this case, the defendant in Stone had been charged with operating a vehicle under the influence of alcohol and had introduced evidence that he was under the combined influence of alcohol and a controlled substance. 656 So.2d at 412-14. The defendant argued that the trial judge’s instruction to the jury stating that the prosecution did not have to prove that alcohol was the only substance that the defendant was under the influence of was error. Id. However, this Court, in dicta, emphasized that the prosecution had introduced sufficient evidence showing that the defendant was under the influence of alcohol and that only the defense had raised the issue of the combined influence of alcohol and a controlled substance:
“[H]ad the prosecution introduced evidence that the appellant was under the ‘combined influence of alcohol and a controlled substance,’ it would have proved a violation of § 32-5A-191(a)(4), rather than a violation of § 32-5A-191(a)(2), and the jury instruction complained of would clearly have been error.
“In this case, however, it was the defense that introduced evidence tending to show that the appellant was under the ‘combined influence of alcohol and a controlled substance’ when Officer Willis stopped him. Here, as in State v. Nix, 535 So.2d 866, 868-69 (La.App.1988), the appellant ‘offer[ed] as a defense to the charge of driving under the [combined] influence of [alcohol and] prescription drugs.’ To accept this proposition would permit any person charged with driving under the influence of alcohol to refuse to submit to a blood alcohol test and then to defeat the prosecution’s case by claiming to have been, instead, under the combined influence of alcohol and a controlled substance. Such a position is untenable.”
656 So.2d at 413.
In this ease the prosecution presented sufficient evidence that the appellant was under the influence of alcohol so as to impair his ability to safely operate his vehicle. The appellant admitted that he had had “a few beers.” Furthermore, Officer Dunn testified that he could smell alcohol on the appellant, that the appellant was staggering and could not pass field tests, and that, in his opinion based upon his training and prior experience with DUI cases, the appellant was under the influence of alcohol. The evidence raised by the defense that the appellant had been prescribed mood-altering medication three days before his arrest does not change the fact that the prosecution proved a violation of § 32-5A-191(a)(2). Therefore, there was no fatal material variance between the charging instrument and the evidence presented at trial.
II.
The appellant also argues that the trial judge committed reversible error when she refused to give the jury his requested instructions regarding being under the influence of a controlled substance or under the combined influence of alcohol and a controlled substance. The appellant requested the following two jury instructions, in writing:
“Defendant’s No. 1: If after considering all the evidence you believe the defendant operated or controlled a motor vehicle under the influence of a controlled substance or under the combined influence of alcohol and a controlled substance, you must find the defendant not guilty of this offense.”
“Defendant’s No. 2: If after considering all the evidence you believe the defendant operated or controlled a motor vehicle under the influence of a controlled substance to a degree which rendered him incapable of safely driving you must find the defendant not guilty of the offense.”
The trial judge refused these instructions.
The trial judge’s refusal to give the requested instructions, however, does not constitute error. It is clear from this Court’s analysis in Stone that the instructions the appellant requested do not correctly state *450 the law of this case. The trial judge in Stone instructed the jury as follows:
“The prosecution does not have to show that the only substance that the defendant was under the influence of was alcohol or that the only substance which affected the defendant’s ability to drive safely was alcohol.”
Stone, 656 So.2d at 412. Although the issue concerning the appropriateness of this instruction was not preserved for review, this Court stated, “[Wje do not necessarily approve the actual language used by the trial court in its instruction in this case,” but in a footnote quoted the Massachusetts Supreme Court for proper language:
“We agree with the Massachusetts Supreme Court that ‘an appropriate instruction in these circumstances might be similar to the following: You are instructed that, if the defendant’s ability to [safely] operate [a motor vehicle] was [affected] by [his consumption of] alcohol, the defendant has violated [§ 32-5A-191(a)(2) ] even though some other cause, also operating on the defendant while he or she was driving, tended to magnify the effect of the liquor or concurred in causing the defendant’s diminished capacity to operate [a vehicle] safely. It is no defense, under the statute, to show the existence of such concurring cause, so long as the influence of liquor remained as one of the causes of the defendant’s diminished capacity.’ Commonwealth v. Stathopoulos, 401 Mass. 453, 517 N.E.2d 450, 453 n. 4 (1988).”
656 So.2d at 413.
The instructions the appellant requested in this case are clearly inconsistent with the language used by the Massachusetts Supreme Court. According to the instructions requested by the appellant, the jury must find the appellant not guilty if it finds that a controlled substance or a combination of alcohol and a controlled substance played a role in his impairment. Contrary to the requested charges, a jury could find the appellant guilty if alcohol affected his ability to drive safely, regardless of what role a controlled substance may have played in his impairment. Therefore, the trial judge correctly refused to give these instructions to the jury. The appellant’s conviction is due to be affirmed.
AFFIRMED.
All judges concur, except BASCHAB, J., who recuses.