**STATE of Minnesota, Respondent,**

v.

**Donald Willis DANIELS, Appellant.**

**No. C7–85–1147.**

Court of Appeals of Minnesota.

Jan. 7, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Warren D. Chamberlain, Faribault City Atty., Faribault, for respondent.

Thomas M. Neuville, Northfield, for appellant.

· Considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Donald W. Daniels appeals from a judgment of conviction for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a) (1984). He claims the trial court erred in refusing to submit to the jury his requested instruction. We affirm.

## FACTS

The parties stipulated to the following facts. On March 22, 1984, Daniels was charged with driving in Faribault while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a). A police officer observed Daniels attempting to parallel park his car at approximately 9:00 p.m. Daniels drove his right rear wheel up onto the curb and also struck the bumper of the car immediately behind his own. The officer conducted a series of field sobriety tests which Daniels failed. The officer noted that Daniels exhibited signs of intoxication including slurred speech, bloodshot eyes and the odor of alcohol. Daniels refused to submit to chemical testing.

Daniels does not deny the observations of the police officer but claims his condition was the result of a combination of alcohol and three 50 milligram tablets of Evacil, a prescribed anti-depressant drug he took earlier in the evening.

Daniels testified that he consumed two hard liquor drinks between 5:00 p.m. and 8:30 p.m. and took three tablets of Evacil, one early in the afternoon, the second after 2:00 p.m. and the third less than one hour before his arrest and shortly after finishing his second drink at the bar. Daniels testi-

fied that he was unaware of the side effects which might result if alcohol and Evacil were taken in combination.

At trial, a pharmacist testified that three 50 milligram tablets, taken for the first time with or without alcohol, could cause effects similar to intoxication.

Daniels requested an instruction be given the jury that it must find him under the influence of *alcohol alone* and not alcohol in combination with a controlled substance in order to convict him of the offense charged. The trial court refused his request and the jury returned a verdict of conviction. Daniels' motion for a new trial was denied and he appeals.

### ISSUE

Did the trial court err in its refusal to submit to the jury the instruction proposed by appellant that the jury must find him under the influence of alcohol alone and not alcohol in combination with a controlled substance in order to convict him of the crime charged?

### ANALYSIS

A refusal to give a requested instruction lies within the discretion of the trial court. *State v. Daniels*, 361 N.W.2d 819, 831 (Minn.1985). A party is entitled to a requested instruction if there is evidence to support it, but the court is not required to give the instruction if the substance of it is already contained in the court's charge. *State v. Ruud*, 259 N.W.2d 567, 578 (Minn. 1977), *cert. denied* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978).

Daniels argues that the evidence submitted to the jury was insufficient to convict him of the charge of driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a), because he was also under the influence of a controlled substance when the arrest was made. Daniels was charged under subd. 1(a) of the statute which pertains only to driving while intoxicated. Subd. 1(b) and (c) of the same statute provide for situations where the driver is either under the

influence of a controlled substance or under the combined influence of alcohol and a controlled substance. Since Daniels was charged under subsection (a) and not subsections (b) and (c) he contends the state's case should fail.

The trial court properly instructed the jury that it was the state's burden to prove beyond a reasonable doubt each element of Minn.Stat. § 169.121, subd. 1(a). Beyond this instruction the trial court need not alert the jury to all possibilities which may exist under other provisions of the DWI statute.

Daniels offered as an affirmative defense during trial and later in closing summation the argument that his appearance of intoxication was caused in part by his ingestion of three tablets of Evacil during the day. Thus, the jury was fully aware of the thrust of his defense and rejected it.

### DECISION

Daniels' conviction for driving while under the influence of alcohol is affirmed.

Affirmed.