## COMMONWEALTH *vs.* MICHAEL S. RILEY.

No. 98-P-2010.

Middlesex. December 9, 1999. - January 14, 2000.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Motor Vehicle,* Operating under the influence. *Alcoholic Liquors,* Motor vehicle. *Practice, Criminal,* Instructions to jury.

At the trial of a complaint for operating a motor vehicle while under the influence of alcohol, the judge's instructions on impairment, derived from the Model Jury Instructions and using the words "mental clarity, self-control, and reflexes," gave permissible examples or factors for the jury to consider in their determination whether the Commonwealth proved beyond a reasonable doubt that the defendant's consumption of alcohol diminished his capacity to operate his motor vehicle safely. [464-465]

COMPLAINT received and sworn to in the Malden Division of the District Court Department on February 5, 1996.

On transfer to the Cambridge Division, the case was tried before *Dyanne J. Klein, J.*

*Stephen L. Jones (James M. Milligan, Jr.,* with him) for the defendant.

*Maura A. Looney,* Assistant District Attorney, for the Commonwealth.

SMITH, J. After a jury trial, the defendant, Michael Riley, was convicted of operating a motor vehicle while under the influence of intoxicating liquor. On appeal, the defendant does not contest the sufficiency of the evidence to support his conviction; he argues only that the judge misinstructed the jury on the elements of the crime.

A brief summary of the evidence will serve to place the issue raised by the defendant in perspective. On February 4, 1996, at approximately 2:35 A.M., a State trooper patrolling in Everett was nearly forced off the road by a pickup truck operated by

the defendant. The trooper pursued the truck and activated his blue lights, whereupon the defendant pulled over to the side of the road. The trooper approached the vehicle and smelled a strong odor of alcohol emanating from the truck.

The defendant's eyes were red and glassy and his speech was slurred. He admitted to having had two beers. The trooper had the defendant step out of his truck to perform field sobriety tests, which the defendant failed. Thereupon the trooper arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor.

General Laws c. 90, § 24(1)(*a*)(1), as appearing in St. 1994, c. 25, § 3, provides in relevant part:

> "Whoever, upon any way or in any place to which the public has a right of access, . . . operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished . . . ."

The parties had stipulated to the elements of operation and operating on a public way. Therefore, the only issue remaining before the jury was whether the defendant's ability to operate was impaired by the consumption of alcohol.

The judge instructed the jury on the meaning of the phrase "under the influence of intoxicating liquor" by quoting almost verbatim from Instruction 5.10 of the Model Jury Instructions for Use in the District Court (1995). A portion of the judge's instruction was as follows: "The purpose of the statute is to protect the public from any driver whose alertness, judgment, and ability to respond properly have been lessened by alcohol.[1] This would include someone who is drunk, but it would also include anyone who has consumed enough alcohol to reduce his *mental clarity, self-control,* and *reflexes* and thereby left him with a reduced ability to drive safely" (emphasis supplied). There was no objection to the instruction.

After the jury began deliberating, they returned with a question, asking the judge to "redefine impairment or all elements required to be beyond a reasonable doubt."

The judge reinstructed the jury that of the three elements

---

[1]The Model Jury Instruction used here appears to paraphrase the language in *Commonwealth* v. *Connolly,* 394 Mass. 169, 172-173 (1985) ("the legislative purpose [is] to protect the public from drivers whose judgment, alertness, and ability to respond promptly and effectively to unexpected emergencies are diminished because of the consumption of alcohol").

required to find the defendant guilty, the parties had stipulated to two of the elements, i.e., operation and public way. The judge reiterated that the only element before the jury was whether the defendant was operating his motor vehicle while under the influence of intoxicating liquor. The judge then repeated the impairment instruction derived from the Model Jury Instructions, thereby again giving the instruction that this includes "anyone who has consumed enough alcohol to reduce his *mental clarity, self-control,* and *reflexes* and thereby left him with a reduced ability to drive safely" (emphasis supplied). The judge also reiterated that the Commonwealth must prove impairment beyond a reasonable doubt.

Obviously referring to the three examples of mental clarity, self-control, and reflexes, the judge stated that if the thrust of the jury's question was whether they had to find all three examples beyond a reasonable doubt (the judge, at this point in her instructions, changed from using the word "examples" to the word "factors"), it was not necessary to find all three "factors" beyond a reasonable doubt, but rather it was necessary to find only one "factor" beyond a reasonable doubt.

The defendant objected to the reinstruction and argues that "mental clarity, self-control, and reflexes" are essential elements of "impairment" and all must be proved beyond a reasonable doubt, not just one.

There was no error in the judge's instructions. The words "mental clarity, self-control, and reflexes" used in the Model Jury Instruction are merely examples or factors that the jury may use in determining whether the consumption of alcohol diminished the defendant's capacity to operate his motor vehicle safely. *Commonwealth* v. *Connolly,* 394 Mass. 169, 173 (1985). Therefore, while the Commonwealth must prove beyond a reasonable doubt that the person was impaired, the examples or factors do not have to be included in the judge's instructions. See *Commonwealth* v. *Ames,* 410 Mass. 603, 609 (1991) ("judge was not obliged to tell the jury what factors to consider in deciding whether the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely").

*Judgment affirmed.*