The defendant, Christopher R. Bednarz, was convicted of one count of operating a motor vehicle while under the influence of intoxicating liquor, second offense; negligent operation of a motor vehicle; and failing to stop for a police officer.
 
 [2]
 
 On appeal, he challenges the sufficiency of the evidence. We affirm.
 

 Sufficiency
 
 . When reviewing the denial of a motion for a required finding of not guilty, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 Commonwealth
 
 v.
 
 Latimore
 
 ,
 
 378 Mass. 671
 
 , 677 (1979), quoting from
 
 Jackson
 
 v.
 
 Virginia
 
 ,
 
 443 U.S. 307
 
 , 318-319 (1979).
 

 a.
 
 Operation
 
 . First, the defendant argues that there was insufficient evidence to support a finding that he operated the vehicle, as no officer observed him driving the speeding vehicle.
 

 Direct evidence is not required to show that the defendant operated the vehicle, and "a conviction may rest entirely on circumstantial evidence."
 
 Commonwealth
 
 v.
 
 Cromwell
 
 ,
 
 56 Mass. App. Ct. 436
 
 , 438 (2002) (quotation omitted).
 

 The Commonwealth presented testimony at trial from one detective and one officer. The detective testified that he observed a vehicle driving at a fast speed in a forty-five mile per hour area, and confirmed the vehicle's speed on the moving radar as eighty-two miles per hour. Although the detective activated his emergency lights on his marked cruiser to stop the vehicle, the vehicle accelerated and the detective lost sight of it. The detective described the vehicle as a "small gray-colored car," a "sedan-type vehicle," possibly a Mazda, and requested that an officer check a residence on Church Lane where there may have been an individual with a matching vehicle. Within a few minutes, an officer traveled to Church Lane and observed a small gray vehicle in a driveway and the defendant standing alongside it on the driver's side. Upon arriving at the residence, the detective observed a gray-colored vehicle with exterior characteristics matching the vehicle that he previously observed.
 
 [3]
 
 He also observed that the vehicle was emitting heat from the engine.
 

 The defendant's statements to the police indicated that he had been driving: the defendant stated that he did not see the officer and stop because he had "tunnel vision," the defendant estimated that he was driving approximately fifty-five miles per hour, the defendant told officers that he was coming from his brother's house in Ware and that he stopped for a beer at a bar named Gabe's, and the defendant asked for the officers "to let him go with a speeding ticket." The area where the detective observed the small gray vehicle speeding was in the direction a person coming from Gabe's would be traveling. Additionally, the defendant told the officers that the keys to the vehicle were in his pocket, and the officers recovered keys on the defendant matching the make of the vehicle in the driveway.
 

 The evidence, viewed in its totality and in the light most favorable to the Commonwealth, supported the inference that the defendant was operating the vehicle, and the jury could have concluded so beyond a reasonable doubt.
 

 b.
 
 Intoxication
 
 . The defendant also argues that there was insufficient evidence to prove that alcohol diminished his ability to operate a motor vehicle where there was also evidence that the defendant smoked marijuana.
 

 "[I]n a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's
 
 ability
 
 to operate a motor vehicle safely. The Commonwealth need not prove that the defendant
 
 actually drove
 
 in an unsafe or erratic manner, but it must prove a diminished
 
 capacity
 
 to operate safely."
 
 Commonwealth
 
 v.
 
 Connolly
 
 ,
 
 394 Mass. 169
 
 , 173 (1985). "It is not necessary that alcohol be the sole or exclusive cause. It is enough if the defendant's capacity to operate a motor vehicle is diminished because of alcohol, even though other, concurrent causes contribute to that diminished capacity."
 
 Commonwealth
 
 v.
 
 Stathopoulos
 
 ,
 
 401 Mass. 453
 
 , 457 (1988).
 

 The detective testified that the defendant admitted that he had been drinking, while claiming that he had consumed only one sixteen-ounce beer. Additionally, the detective made observations of the defendant: "[v]ery red, bloodshot, glassy eyes. Slurred speech. Difficult to understand. Moderate odor of an alcoholic beverage emitting from him, and the unsteadiness of his feet." The defendant moved in a slow, lethargic manner, was swaying side to side, and was unsteady on his feet. While moving to the police cruiser upon arrest, the officers had to help guide the defendant. Both witnesses believed the defendant to have been drunk. This evidence was sufficient for the jury to conclude that alcohol diminished the defendant's capacity to operate a motor vehicle, even if the defendant had also smoked marijuana. See
 
 Commonwealth
 
 v.
 
 Lavendier
 
 ,
 
 79 Mass. App. Ct. 501
 
 , 506-507 (2011) ("obvious" signs of intoxication included "slurred speech ... strong odor of alcohol, poor balance, and glassy, bloodshot eyes").
 
 [4]
 

 Judgments affirmed
 
 .
 

 Prior to trial, one charge of operating a motor vehicle while under the influence of drugs was dismissed upon the request of the Commonwealth.
 

 The vehicle was a Nissan sports car.
 

 In the conclusion of his brief, the defendant also summarily asserts that his conviction of failing to stop for a police officer should also be reversed. The defendant's cursory statement did not rise to the level of appellate argument. See Mass.R.A.P. 16(a)(4), as amended,
 
 367 Mass. 921
 
 (1975). He also made no additional arguments specific to the negligent operation conviction, which we affirm without further discussion.