NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1065

COMMONWEALTH

vs.

KRYMEII A. FRAY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI).  On appeal, he claims there was insufficient evidence to establish that "he drove while impaired."  We affirm.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s

perspective."  Palmariello v. Superintendent of M.C.I. Norfolk,
873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989).
See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008).
Rather, the relevant "question is whether, after viewing the
evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt."  Commonwealth v.
Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v.
Virginia, 443 U.S. 307, 318-319 (1979).

When evaluating sufficiency, the evidence must be reviewed
with specific reference to the substantive elements of the
offense.  See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass.
at 677-678.  In the circumstances of this case, to establish the
defendant's guilt of OUI in violation of G. L. c. 90,
§ 24 (1) (a) (1), the Commonwealth was required to prove that
the defendant (1) operated a motor vehicle, (2) on a public way,
(3) while under the influence of alcohol.  See Commonwealth v.
Gallagher, 91 Mass. App. Ct. 385, 392 (2017); Commonwealth v.
Palacios, 90 Mass. App. Ct. 722, 728 (2016).  At this
defendant's trial, the first two elements, operation of a
vehicle and public way, were stipulated to by the parties.
Therefore, the only element contested on appeal is that the

defendant was under the influence of alcohol such that his ability to operate a motor vehicle was diminished.

The defendant claims "there was scant evidence that any alcohol [the defendant] may have consumed diminished his capacity to operate her [sic] vehicle." "However, the Commonwealth need not prove that the defendant was drunk, only that alcohol diminished [his] ability to operate a motor vehicle safely" (emphasis added). Gallagher, 91 Mass. App. Ct. at 392. See Commonwealth v. Stathopoulos, 401 Mass. 453, 458 (1988). Nor is it of any moment, as the defendant maintains, that no one saw him driving in an erratic manner because the Commonwealth's burden of proof does not require it to establish "that the defendant actually drove in an unsafe or erratic manner." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).

Here, in the light most favorable to the Commonwealth, the jury were entitled to find that the defendant had been drinking "all day," his breath smelled of alcohol, his eyes were glassy, his speech was slurred, he was unsteady on his feet, he was behaving erratically, he was speaking in a loud manner, and he was not listening to the police officer. The jury were also entitled to conclude that the defendant failed three field sobriety tests and that he became uncooperative with the officer during one of the tests. From these facts, the jury could

3

rationally conclude that the defendant was under the influence of alcohol and that it had diminished his capacity to operate a motor vehicle safely.  See, e.g., <u>Gallagher</u>, 91 Mass. App. Ct. at 392-393; <u>Commonwealth</u> v. <u>Lavendier</u>, 79 Mass. App. Ct. 501, 506-507 (2011).[1]

<u>Judgment affirmed</u>.

By the Court (Meade, Sacks & Hodgens, JJ.[2]),

Clerk

Entered:  January 24, 2025.

---

[1] Contrary to the defendant's claim, and as we describe above, the Commonwealth's case did not turn simply on the odor of alcohol emanating from the defendant.  Also, the facts that he was able to successfully produce his driver's license without "fumbling," and exit his car without falling, do not detract from the sufficiency of the evidence or affect our analysis. Indeed, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"  <u>McDaniel</u> v. <u>Brown</u>, 558 U.S. 120, 133 (2010), quoting <u>Jackson</u>, 443 U.S. at 326.  See <u>Commonwealth</u> v. <u>Wilborne</u>, 382 Mass. 241, 245 (1981), quoting <u>Commonwealth</u> v. <u>Amazeen</u>, 375 Mass. 73, 81 (1978) ("To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies'").

[2] The panelists are listed in order of seniority.