NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-162

COMMONWEALTH

vs.

RHIANNON LHEUREUX.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was convicted of one count of operating under the influence of intoxicating liquor (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant argues the evidence was insufficient to support her conviction.  We affirm.

Background.  We recite the facts the trial judge could have found, viewing the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  At trial, the Commonwealth presented testimony from an emergency medical technician (EMT) and two State police troopers.

The EMT testified that on March 21, 2023, at approximately 6:35 P.M., he was transporting a nonemergency patient on Route I-95 and came across a single-car crash. The EMT stopped and found the defendant standing next to her crashed car. The EMT alerted dispatch to the crash. He saw that the defendant was upset and anxious, and he also smelled a strong odor of alcohol. The EMT further testified that, in his opinion, the defendant was not sober, and he communicated his opinion to other officers arriving on the scene.

Trooper Michael Sierra testified that when he arrived at the scene, he saw significant damage to the left side of the defendant's car and the left guardrail. He then conducted an inventory search of the car and found an open and partially full alcoholic beverage.

Trooper Joseph Silva then testified about his arrival at the scene and a conversation he had with the defendant. He testified the defendant stated she had been driving down the highway when she crashed into the left guardrail. Silva stood about one foot from the defendant and noticed that she had a strong odor of alcohol emanating from her, was slurring her words while having a panic attack, and had glassy and bloodshot eyes. The trooper formed the opinion that the defendant was drunk. Silva performed an inventory search of the car and found an open alcoholic beverage in the passenger seat and two more

2

alcoholic beverages in the back seat.  After the defendant was taken to the hospital, Silva conducted a follow-up interview in which the defendant admitted to consuming a vodka and water beverage at 5 P.M.

At both the close of the Commonwealth's case and the close of all evidence, the defendant moved for a required finding of not guilty.  The trial judge denied both motions.

Discussion.  On appeal, the defendant argues that there was insufficient evidence to support her conviction.  We disagree.

In evaluating the denial of a motion for a required finding of not guilty, we review the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

> "Because the defendant moved for required findings at the close of the Commonwealth's case and again at the close of all the evidence, '[w]e consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time.  We also consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case.'"

3

Commonwealth v. O'Laughlin, 446 Mass. 188, 202 (2006), quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984).[1]

"To sustain a conviction of OUI, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while impaired by the influence of intoxicating liquor." Commonwealth v. Wurtzberger, 496 Mass. 203, 206 (2025). In this case, only the third element is contested.

"[I]n a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). "The Commonwealth need not prove that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely." Id. "It is not necessary that alcohol be the sole or exclusive cause. It is enough if the defendant's capacity to operate a motor vehicle is diminished because of alcohol, even though other, concurrent causes contribute to that diminished capacity." Commonwealth v. Stathopoulos, 401 Mass. 453, 457 (1988).

---

[1] Here, the defendant did not present any evidence at trial. Therefore, the Commonwealth's position did not deteriorate after the close of its case.

Here, the evidence presented by the Commonwealth was sufficient to support the defendant's conviction.  In the light most favorable to the Commonwealth, the defendant "exhibited classic symptoms of alcohol intoxication" -- a strong odor of alcohol emanated from her person, her speech was slurred, and her eyes were glassy and bloodshot.  Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).  In addition, the EMT and one trooper both testified to their opinion that the defendant was drunk.  Moreover, the defendant crashed into a guardrail, admitted to consuming an alcoholic beverage approximately ninety minutes before the crash, and had an open, partially full alcoholic beverage in the passenger area of the car.[2]  See Commonwealth v. Marley, 396 Mass. 433, 442 (1985) (car accident is corroborative of other evidence of driving while intoxicated).  Even without field sobriety tests, the evidence presented was sufficient for the jury to conclude that alcohol diminished the defendant's capacity to operate a motor vehicle.  See Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353-354 (2015) (although defendant did not perform field sobriety test, evidence was sufficient where defendant previously consumed

---

[2] Where the trooper testified that the partially full beverage was alcoholic, the fact that the trooper did not testify to whether the alcoholic beverage was a can or bottle or to its alcohol content is beside the point where, as here, the Commonwealth presented other evidence of intoxication and that the defendant's intoxication impaired her driving.

5

alcoholic beverages; had moderate odor of alcohol coming from him, along with glassy and bloodshot eyes; and was speeding).

<u>Judgment affirmed</u>.

By the Court (Henry, Sacks & Tan, JJ.[3]),

Paul Little

Clerk

Entered: December 10, 2025.

---

[3] The panelists are listed in order of seniority.