NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-246

COMMONWEALTH

vs.

DEBORAH M. SHEPHERD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of liquor (OUI), pursuant to G. L. c. 90, § 24 (1) (a) (1), and failing to stop for a police officer, pursuant to G. L. c. 90, § 25. Subsequently, after a jury-waived trial, she was convicted of OUI, third offense. On appeal, the defendant claims there was insufficient evidence to support her OUI conviction.[1] We affirm.

When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial

_____

[1] The defendant does not challenge her conviction of failing to stop for a police officer.

established guilt beyond a reasonable doubt."  Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective."  Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense.  See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678.  To sustain the defendant's conviction of OUI in violation of G. L. c. 90, § 24 (1) (a) (1), the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol.  Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).  The defendant only challenges the sufficiency of the evidence as to the third element.

Relative to the third element, "the Commonwealth need not prove that the defendant was drunk, only that alcohol diminished her ability to operate a motor vehicle safely."  Gallagher, 91 Mass. App. Ct. at 392, citing Commonwealth v. Stathopoulos, 401 Mass. 453, 458 (1988).  Here, both the arresting and the booking officers testified that the defendant smelled of alcohol, her eyes were bloodshot and glassy, and her speech was delayed and slurred.  We have held that these are "classic symptoms of alcohol intoxication."  Gallagher, supra.  See Commonwealth v. AdonSoto, 475 Mass. 497, 510 (2016).

Furthermore, when the police responded to the defendant's house for a wellness check, she was in the driver's seat of her car in the driveway with the engine running.  After denying having had anything to drink, the defendant told the officer she was going to the store.  The officer attempted to prevent her from leaving, but the defendant drove away across her yard for a distance of one hundred and fifty feet.[2]  The officer pursued her until her car's hood flipped up and smashed her windshield, which caused her to stop.  From this evidence, the jury could infer that the defendant's mental clarity and self-control were

_____

[2] This evidence, of course, contradicts the defendant's claim that there was no evidence that she had driven erratically.  In any event, the Commonwealth is not required to prove the defendant actually operated in an unsafe or erratic manner.  Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).

impaired, diminishing her ability to operate a vehicle safely. See Commonwealth v. Riley, 48 Mass. App. Ct. 463, 465 (2000). Her flight from the police also entitled the jury to infer her consciousness of guilt, which further supports the evidence being sufficient. See Commonwealth v. Carrion, 407 Mass. 263, 277 (1990) ("Flight is perhaps the classic evidence of consciousness of guilt"); Commonwealth v. Summers, 93 Mass. App. Ct. 260, 265 (2018) (consciousness of guilt evidence "tips the scale in favor of sufficiency").

Moreover, the Commonwealth's case was further buttressed by the defendant's behavior during the booking process. In addition to the arresting officer's opinion that the defendant was "drunk," the defendant behaved strangely during booking. She did not cooperate with instructions given to her, and instead smelled her feet, attempted to bite the booking officer, and hugged the arresting officer.[3] This evidence also contributed to, and supported, the jury's determination that the defendant was under the influence of alcohol.

Finally, contrary to the defendant's claim, the absence of field sobriety tests does not render the evidence insufficient. See Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 (2015).

---

[3] The booking video recording was marked as an exhibit at trial, and portions of the video footage were played for the jury.

4

In like fashion, there is no merit to the defendant's claim that the Commonwealth's case was undercut by the booking video footage, which she claims showed that her behavior was the product of a mental health condition as opposed to intoxication. As the Commonwealth correctly notes, "to indulge this argument, we would have to view the evidence in the light <u>least</u> favorable to the Commonwealth, which, of course, we cannot do." <u>Gallagher</u>, 91 Mass. App. Ct. at 393, quoting <u>Commonwealth</u> v. <u>Arias</u>, 78 Mass. App. Ct. 429, 435 (2010). The motion for a required finding of not guilty of OUI was properly denied.

<u>Judgments affirmed</u>.

By the Court (Meade,
Massing & Brennan, JJ.[4]),

Clerk

Entered: January 23, 2026.

---

[4] The panelists are listed in order of seniority.